IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GARY LEON WEBSTER**                                                                **PLAINTIFF**
**ADC #114018**

v.                         **NO: 3:22-CV-00066-LPR**

**HAROLD PERRIN, Mayor**                                                 **DEFENDANT**

## ORDER

Plaintiff Gary Leon Webster ("Plaintiff"), incarcerated at the Tucker Unit of the Arkansas Department of Correction, filed a *pro se* complaint on March 16, 2022.[1] Plaintiff did not pay the $402 filing fee, instead seeking to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] Prior to filing this lawsuit on March 16, 2022, Plaintiff filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.[3] Nevertheless, Plaintiff may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.[4]

---

[1] Complaint, Doc. 2.

[2] 28 U.S.C. § 1915(g).

[3] *See Webster v. Does*, 3:19-CV-59-DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-60-DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc., et al.*, 3:19-CV-78-DPM (E.D. Ark.).

[4] *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Plaintiff sued Mayor Harold Perrin alleging that he unlawfully allowed his eviction.[5] Based on his allegations, Plaintiff was not in imminent danger at the time he filed his complaint. Accordingly, the imminent danger exception does not apply.[6] This case will be dismissed due to Plaintiff's failure to pay the filing fee. Plaintiff will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

It is therefore ordered that:

1. Plaintiff's complaint is dismissed without prejudice.

2. Plaintiff has thirty (30) days from the date of this order in which to reopen this case by paying the $402 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 30th day of March, 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] Complaint, Doc. 2.

[6] *Dilworth*, 147 F.3d at 717.